The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| COTO SETTLEMENT, a corporation,<br><br>        Plaintiffs,<br><br>   v.<br><br>IAN EISENBERG, an individual, and OLYMPIC TELECOMMUNICATIONS, INC., a corporation,<br><br>        Defendants. | NO. C08-0125RSM<br><br>**DEFENDANTS' AMENDED MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**NOTE ON MOTION CALENDAR:**<br>July 11, 2008 |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................... 1

II. FACTS ............................................................ 2

   A. Plaintiff's Claims Are Based Entirely on Events Which Occurred Eight Years Ago ................................. 2

   B. Allegations in Plaintiff's Amended Complaint ............. 3

III. ARGUMENT & AUTHORITY ........................................... 5

   A. All of Plaintiff's Causes of Action Are Barred by the Statutes of Limitations ................................... 5

   B. Plaintiff Lacks Standing to File This Lawsuit ............ 6

   C. The First Cause of Action for Breach of Fiduciary Duties Should Be Dismissed Because Plaintiff Does Not Allege Facts Sufficient to Support the Alleged Duties or Breaches ...... 7

   D. The Second Cause of Action for Conversion Should Be Dismissed Because Plaintiff Admits Other Parties Are Entitled to the Allegedly Converted Funds ................ 9

   E. The Third Cause of Action for "Unjust Enrichment / Constructive Trust" Should Be Dismissed Because Plaintiff Did Not Confer a Benefit on Defendants .................. 10

   F. The Fourth Cause of Action for "Money Had and Received" Should Be Dismissed Because It Merely Reflects Plaintiff's Other Meritless Claims ................................. 11

   G. The Fifth Cause of Action for Accounting Should Be Dismissed Because the Underlying Causes of Action Are Invalid ................................................ 11

   H. The Sixth Cause of Action for Declaratory Judgment Should Be Dismissed Because No Controversy Exists Requiring a Judicial Determination ................................. 11

   I. The Seventh Cause of Action for Injunctive Relief Should Be Dismissed Because Plaintiff Cannot Allege Irreparable Harm and Money Damages Would Provide Adequate Compensation ... 11

IV. CONCLUSION ..................................................... 13

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
[C08-0125 RSM] - i

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## I. INTRODUCTION

Defendants Ian Eisenberg ("Eisenberg") and Olympic Telecommunications, Inc. ("Olympic") (together, "Defendants") submit this motion to dismiss the First through Seventh Causes of Action in the First Amended Complaint for Injunctive Relief and Damages ("Amended Complaint", Dkt. No. 26) filed in the above captioned action by Plaintiff Coto Settlement ("Coto").[1]

The causes of action Plaintiff alleges against Defendants include the following: (i) breach of fiduciary duties; (ii) conversion; (iii) "unjust enrichment / constructive trust"; (iv) "money had and received"; (v) demand for accounting.; (vi) declaratory judgment; and (vii) injunctive relief. All of Plaintiff's claims fail as a matter of law because they are barred by the statutes of limitations, Plaintiff lacks standing to raise them in this lawsuit, and Plaintiff is judicially estopped from asserting facts to the contrary.

Moreover, Plaintiff's claim for breach of fiduciary duty should be dismissed because Plaintiff fails to make allegations in the Amended Complaint which would support the imposition of a fiduciary duty on Defendants. In addition, the alleged breaches are based entirely on Plaintiff's claim to funds which it admits were the property of parties other than itself. Accordingly, Plaintiff fails to state a claim for breach of fiduciary duty.

The conversion claim fails because the allegations in the Amended Complaint indicate that parties other than Plaintiff were entitled to the allegedly converted funds. Consequently, Plaintiff's conversion claim must also be dismissed.

Plaintiff's claim for "unjust enrichment / constructive trust" fails because Plaintiff does not allege it ever conferred a benefit on Defendants which might amount to unjust enrichment. Further, Plaintiff's allegations indicate that if Defendants ever received a benefit, the benefit was conferred by parties other than Plaintiff. Similarly, the claim for "money had and received" fails because it is a mirror image of Plaintiff's failed claims for

---

[1] Christopher L. Hebard was also plaintiff in this action but withdrew after acknowledging his lack of standing. (*See* Motion for Leave to File First Amended Complaint (Dkt. No. 17), p. 2.)

unjust enrichment and breach of fiduciary duty.

Plaintiff's claim for accounting fails because it is a remedy, not an independent cause of action. Since Plaintiff's underlying causes of action are without merit, it has no basis for requesting legal or equitable remedies based on those claims. Accordingly, Plaintiff's request for an accounting must be dismissed along with their substantive claims.

Plaintiff's declaratory judgment claim must be dismissed because the allegations in the Amended Complaint indicate there is no existing controversy which requires a judicial determination. Its claim for injunctive relief must also be dismissed, because Plaintiff's entire Amended Complaint is based on a claim for money damages. Consequently, Plaintiff cannot claim irreparable harm and equitable relief is unwarranted.

Defendants respectfully request the Court grant this motion and dismiss Plaintiff's first through seventh causes of action.

## II.  FACTS

**A.   Plaintiff's Claims Are Based Entirely on Events Which Occurred Eight Years Ago**

Plaintiff's Amended Complaint alleges Mr. Eisenberg and Mr. Hebard created Electronic Publishing Ventures, LLC ("EPV") in or around 1998. (Amended Complaint, ¶ 7.) Plaintiff alleges EPV was owned "50/50 " by Coto Settlement Trust ("Coto") and French Dreams Investments, N.V. ("French Dreams"). (Id.) EPV owned four limited liability companies (the "EPV Entities"). (Id. ¶ 8.) Plaintiff alleges "[m]ost of the billings by the EPV Entities were handled by [Olympic]. Olympic... withheld reserves from the EPV Entities in an amount necessary to cover contingent liabilities associated with the marketing programs." (Id. ¶ 10.)

Plaintiff's Amended Complaint is based entirely on actions it admits took place nearly eight years ago:

> **[I]n the Summer of 2000, Eisenberg announced to Hebard that he was increasing the reserves held by Olympic to 100%.** (Amended Complaint ¶ 11; emphasis added.)

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6) [C08-0125 RSM] - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

> At the time, **Hebard objected to this action.** [...] **The reserve funds were the property of the EPV Entities**. (Id. ¶¶ 11, 12; emphasis added.)
>
> [allegations follow concerning Defendants' payment of money to the Federal Trade Commission ("FTC")]
>
> Coto sent a demand letter dated October 2, 2007 that Defendants: 1) state whether any of the funds tendered to the FTC derived from the Olympic reserves which were property of the EPV Entities; and 2) provide a full accounting of the use and disposition of all such reserve funds. (Id. ¶ 17.)
>
> [more allegations follow concerning this Court's approval of the release of $1.4 million to Defendants, following a joint motion of the FTC and Defendants.]

Plaintiff is now seeking the return of these funds it claims Defendants improperly withheld in 2000, nearly eight years ago. Further, it claims the reserve funds "were the property of the EPV Entities" – none of which is a plaintiff in this lawsuit. (Id. ¶ 12.) Plaintiff does not allege it has a controlling interest in any EPV Entity which would permit it to file a lawsuit on its behalf. Nor does Plaintiff allege it has the power to act on EPV's behalf. The Amended Complaint alleges Coto is a trust with a 50% interest in EPV –  not a controlling interest. (Complaint ¶ 7.)

**B.    Allegations in Plaintiff's Amended Complaint**

Plaintiff's first cause of action for breach of fiduciary duty alleges "a 'resulting trust' arose with respect to [the] reserve funds", "Defendants [...] are the trustees of this resulting trust [and] owe a fiduciary duty with respect to [the] funds" and "[b]y refusing to provide an accounting and by attempting to retain ownership of the EPV Entities' reserve funds, Defendants have breached their fiduciary duties. (Amended Complaint ¶ 22, 23.) However, the only transactions Plaintiff alleges between it and Defendants were ordinary, arm's-length business transactions. Plaintiff merely alleges "Hebard and Eisenberg [worked] together to market internet services" (Id. ¶ 7), and do not allege any extraordinary relationship between Plaintiff and Defendants. Thus, the allegations in the Amended Complaint do not support the imposition of a fiduciary duty on Defendants. Further, the alleged breaches depend exclusively on Plaintiff's right to funds which they

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
[C08-0125 RSM] - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

claim were the property of parties <u>other</u> than themselves, namely, the EPV Entities. (<u>Id</u>. ¶ 12.)

The second cause of action for conversion alleges "Defendants were entrusted with the EPV reserve funds." (<u>Id</u>. ¶ 26.) However, elsewhere in the Amended Complaint Plaintiff emphasizes that the purportedly converted funds belong to parties other than themselves: "The reserve funds were the property of the EPV entities". (<u>Id</u>. ¶ 3.)

The third cause of action for "unjust enrichment / constructive trust" alleges "Defendants, through wrongful and unlawful means, have taken possession of the reserve funds" (<u>Id</u>. ¶ 29.) However, Plaintiff admits it opposed the transfer of those funds to Defendants (<u>Id</u>. ¶ 11: "At the time, Hebard objected to the action..."). Furthermore, Plaintiff's contradictory position that nonparty entities are entitled to the allegedly misappropriated funds (<u>Id</u>. ¶ 12) indicates that even if some entity was harmed by Defendants' "unjust enrichment", it was not Plaintiff.

The fourth cause of action for "money had and received" alleges "Defendants received money which they are not entitled to retain" and "Should they be permitted to retain the reserve funds, Defendants would be unjustly enriched if the law did not presume a promise to pay. (Amended Complaint ¶¶ 33.) By its terms, this cause of action is a mirror image of Plaintiff's flawed claim for unjust enrichment. It should be dismissed along with the underlying meritless claims.

The fifth cause of action for accounting is only a request for remedy, not an independent claim. Indeed, Plaintiff phrases this alleged cause of action as a simple request: "Coto requests an accounting". (Amended Complaint ¶ 35.) Plaintiff admits it first made this request seven years after the alleged misappropriation of funds purportedly belonging to the EPV Entities. (<u>Id</u>. ¶ 11, 17.)

The sixth cause of action for declaratory relief alleges as follows:

> There is an actual, present, and existing dispute between the parties that can be resolved by judicial determination. Coto requests an order declaring its rights to reserve funds which the Defendants held in trust.

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6) [C08-0125 RSM] - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  (Amended Complaint ¶ 37.)  There can be no controversy, however, when Plaintiff claims
2  the $1.4 million belongs to "EPV Entities" which are not parties to this lawsuit. (Id. ¶
3  12.)

4  Plaintiff's seventh cause of action for injunctive relief alleges "irreparable harm"
5  which allegedly warrants extraordinary equitable relief. (Amended Complaint ¶¶ 41.)
6  However, all of Plaintiff's causes of action focus on their alleged right to the return of
7  $1.4 million. (Id. ¶¶ 23, 26, 29, 33, 35, 37.) Plaintiff seeks only the return of money it
8  claims is due and owing to it.  This indicates money damages are adequate and there is no
9  irreparable harm.

### III. ARGUMENT & AUTHORITY

11  FED. R. CIV. P. 12(b)(6) provides the Court should dismiss claims if the plaintiff
12  fails to state a claim upon which relief may be granted.  A court will grant dismissal
13  pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of
14  facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355
15  U.S. 41, 45-46 (1957).  "While a court must accept all material allegations in the
16  complaint as true and construe them in the light most favorable to the nonmoving party,
17  conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving
18  party are insufficient to defeat a motion to dismiss." Segal Co. v. Amazon, 280 F. Supp.
19  2d 1229, 1232 (W.D. Wash. 2003) (*citing* Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir.
20  2001)).

**A. All of Plaintiff's Causes of Action Are Barred by the Statutes of Limitations**

22  This case is entirely based on Plaintiff's claim that Defendants improperly
23  withheld funds in 2000.  It is now 2008.  The statute of limitation for "[a]n action upon a
24  contract in writing, or liability express or implied arising out of a written agreement" is
25  six (6) years pursuant to RCW 4.16.040.  However, Plaintiff does not allege Defendants
26  violated a written contract when they allegedly withheld the funds in question.  Their
27  claims for breach of alleged duty, conversion, unjust enrichment, and the like fall under
28  4.16.080(3), which requires a plaintiff to commence an action within three (3) years if it

is for:

> ...taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

RCW 4.16.080(3).

All of Plaintiff's claims are barred by the statute of limitations. Plaintiff admits it "objected" to the increasing of reserves in 2000. If it wanted to bring a claim against Defendants, the statute provided three years to do that. However, Plaintiff waited nearly <u>eight</u> years, and its claims must be dismissed as a matter of law.

**B.    Plaintiff Lacks Standing to File This Lawsuit**

Plaintiff's claims are also barred as a matter of law due to its lack of standing. Plaintiff Coto Settlement is not itself EPV or any of the EPV subsidiaries and does not allege privity with Defendants Olympic or Eisenberg. As a result, Coto lacks standing to bring a claim for breach of fiduciary duty against Defendants. In Washington, no fiduciary duty arises where "the original transaction between the parties involved only a simple, ordinary business relationship..." <u>Maginnis v. Simmons</u>, 47 Wash. 2d 19, 21, 286 P.2d 102 (Wash. 1955). Here, Plaintiff and Defendants had a "simple, ordinary business relationship" at best (as further indicated in Section III.C below), and as a result Plaintiff lacks standing to bring a cause of action for breach of fiduciary duty.

Plaintiff also lacks standing to bring its claims for conversion and unjust enrichment. "The tort of conversion is the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." <u>Kruger v. Horton</u>, 106 Wash. 2d 738, 743, 725 P.2d 417 (Wash. App. 1986) (internal quotations and citations omitted). Without a legal right to possess the property allegedly converted, a party lacks standing to sue for conversion, and Plaintiff allege parties other than itself owned the property it claims was converted. <u>Malchow v. Boise Cascade Corp.</u>, 20 Wash. App. 258, 259, 578 P.2d 1337 (Wash App. 1978). Similarly, a claim for unjust enrichment requires a showing that one party was "unjustly

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6)
[C08-0125 RSM] - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

enriched at the expense of another." Lynch v. Deaconess Medical Ctr., 113 Wash. 2d 162, 165, 776 P.2d 681 (Wash. 1989). Here, Plaintiff acknowledges that "the reserve funds were the property of the EPV Entities", a plain admission that neither Plaintiff claims a legal right to the funds or that Defendants were enriched at their expense. (Amended Complaint ¶ 12.)

Nor does Plaintiff provide a basis for alleging standing with respect to its other claims. Its "money had and received" claim rests entirely on its unjust enrichment claim, for which it has no standing. Its accounting claim is only a remedy which fails along with the substantive claims. Its declaratory relief claim is based on a non-existent controversy, since Plaintiff seeks a judgment that it is entitled to funds it alleges do not belong to it. Its injunctive relief claim, like the others, seeks the return of funds the Amended Complaint indicates do not belong to Plaintiff. Plaintiff lacks standing to bring any of its asserted claims and for that reason have no clear legal or equitable right to relief.

**C.  The First Cause of Action for Breach of Fiduciary Duties Should Be Dismissed Because Plaintiff Does Not Allege Facts Sufficient to Support the Alleged Duties or Breaches**

Plaintiff's first cause of action alleges breach of fiduciary duties. However, Plaintiff alleges only ordinary, arm's-length transactions between itself and Defendants. Plaintiff merely alleges "Hebard and Eisenberg [worked] together to market internet services" (Id. ¶ 7), and does not allege any extraordinary relationship between Plaintiff and Defendants. Consequently, the allegations in the Amended Complaint are insufficient to impose a fiduciary duty on Defendants. In Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, 110 Wash. App. 412 (Wash.Ct.App. 2002) the court held as follows:

> In a fiduciary relationship one party "'occupies such a relation to the other party as to justify the latter in expecting that his interests will be cared for.'" Liebergesell v. Evans, 93 Wn.2d 881, 889-90, 613 P.2d 1170 (1980) (quoting RESTATEMENT OF CONTRACTS § 472(1)(c) (1932)). Breach of a fiduciary duty imposes liability in tort. The plaintiff must prove (1) existence of a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury. Miller v. U.S. Bank of Wash., 72 Wn. App. 416, 426, 865 P.2d 536 (1994).

1  Id. at 433-34.  The Micro Enhancement court added: "Mr. Staples' testimony that he
2  trusted Mr. Budke and had confidence in Coopers as MEI's independent advisor is not
3  sufficient to create a fiduciary relationship.  Resolution Trust Corp. v. KPMG Peat
4  Marwick, 844 F. Supp. 431, 436 (N.D. Ill. 1994) (placing trust and confidence in firm as
5  independent advisor insufficient to create fiduciary duty). After all, '[w]e trust most
6  people with whom we choose to do business.' [cite omitted]".

7  Under Washington law, no fiduciary duty arises where "the original transaction
8  between the parties involved only a simple, ordinary business relationship...".  Maginnis
9  v. Simmons, 47 Wn.2d 19, 21 (1955).  Other jurisdictions resoundingly agree that
10 ordinary business dealings, such as those between Plaintiff and Defendants, do not create
11 a fiduciary relationship.  *See e.g.*, Goodworth Holdings, Inc. v. Suh, 239 F. Supp. 2d 947,
12 960 (N.D. Cal. 2002) ("A fiduciary relationship, however, does not arise simply because
13 parties repose trust and confidence in each other"); *accord*, Trumpet Vine Invs., N.V. v.
14 Union Capital Partners I, 92 F.3d 1110, 1117 (11th Cir. 1996); Compania Sud-Americana
15 de Vapores, S.A. v. IBJ Schroder Bank & Trust Co., 785 F. Supp. 411, 426 (D.N.Y.
16 1992).

17 This case is similar to those cited above in that Plaintiff's placement of trust and
18 confidence in Defendants, while justified, was not sufficient to create a fiduciary
19 relationship.  Plaintiff does not allege facts sufficient to claim Defendants owed it any
20 fiduciary duty.  On this basis alone, their first cause of action must be dismissed.

21 Furthermore, Plaintiff fails to establish facts sufficient to support its claim that "a
22 resulting trust" arose with respect to the reserve funds.  (Id. at 22.)  In Washington, a
23 resulting trust arises to benefit: "one who furnishes the consideration for the purchase of
24 [] property, but has the title taken in the name of another." Makinen v. George, 19 Wn.2d
25 340, 345 (Wash. 1943); Brucker v. DeHart, 106 Wash. 386, 389 (Wash. 1919) (Evidence
26 must be "clear, cogent, and convincing, in order to establish a resulting trust".).  Plaintiff
27 claims the reserves are held in a resulting trust but fails to claims that Plaintiff furnished
28 consideration for the purchase of the reserves.  It does not do so, of course, because the

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
[C08-0125 RSM] - 8

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

reserves are not the kind of property to which courts apply the resulting trust doctrine, the reserves are just money. See Arneman v. Arneman, 43 Wn.2d 787, 797 (Wash. 1953) (applying resulting trust to shares of stock). Even if a resulting trust had arisen, the "beneficiary" would never have been Coto, for the reserve funds "were the property of the EPV Entities". (Amended Complaint ¶ 12.)

Finally, Plaintiff does not provide factual allegations sufficient to support a claim of breach, even assuming there were any fiduciary duties (which there were not). The alleged breaches all relate to funds which Plaintiff alleges belonged to parties other then themselves. (Amended Complaint ¶ 3.2; Id. ¶ 2.11.) Plaintiff's Amended Complaint does not provide any basis for alleging that actions affecting other parties' funds amounted to a breach of a duty purportedly owed to Plaintiff. Since the Amended Complaint does not properly plead the existence of a duty or breach, it fails to state a claim for breach of fiduciary duty, and this cause of action must be dismissed.

**D.    The Second Cause of Action for Conversion Should Be Dismissed Because Plaintiff Admits Other Parties Are Entitled to the Allegedly Converted Funds**

Plaintiff's second cause of action alleges conversion. "A conversion is the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." Public Utility Dist. No. 1 v. Washington Public Power Supply System, 104 Wn.2d 353, 378 (1985).

This cause of action fails as a matter of law because Plaintiff does not allege it is entitled to the funds. In truth, it alleges other parties, specifically the EPV Entities, are entitled to the allegedly misappropriated funds. (Amended Complaint ¶ 12.) The EPV Entities are not plaintiffs in this lawsuit. Plaintiff Coto fails to state a conversion claim as a matter of law; accordingly, this cause of action should be dismissed.

E.  **The Third Cause of Action for "Unjust Enrichment / Constructive Trust" Should Be Dismissed Because Plaintiff Did Not Confer a Benefit on Defendants**

Plaintiff's third cause of action is for unjust enrichment.[2] A claim for unjust enrichment must contain three elements:

> a benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

Bailie Communications v. Trend Business Sys., 810 P.2d 12, 18 (Wash.Ct.App. 1991). Plaintiff's Amended Complaint fails to allege Plaintiff ever conferred a benefit on Defendants which unjustly enriched Defendants. The unjust enrichment claim relates to the $1.4 million this Court released to Defendants, but Plaintiff's Amended Complaint alleges opposing the release of these funds. (Amended Complaint ¶ 11.) Since Plaintiff admits it opposed the release, it cannot take the contradictory position that it approved it, thereby conferring a benefit on Defendants. Further, Plaintiff claims nonparties (the EPV Entities) are entitled to the allegedly misappropriated funds (Id. ¶ 12), which indicates that if any benefit was conferred, it was not conferred by Plaintiff.

Plaintiff does not and cannot allege it ever conferred any benefit on Defendants which resulted in unjust enrichment. Consequently, its third cause of action must be dismissed.

F.  **The Fourth Cause of Action for "Money Had and Received" Should Be Dismissed Because It Merely Reflects Plaintiff's Other Meritless Claims**

Plaintiff's fourth cause of action is for "money had and received". This claim is a mirror image of Plaintiff's other meritless claims. As the Washington Supreme Court provided in Coast Trading Co., Inc. v. Parmac, Inc., 21 Wn.App. 896, 902, 587 P.2d 1071 (1978):

---

[2] A constructive trust is a form of equitable relief, not an independent cause of action. See Pitzer v. Union Bank, 141 Wash.2d 539, 547-48 (Wash. 2000). Since Plaintiff's underlying substantive claims fail, Plaintiff is not entitled to a constructive trust or any other form of relief.

> The count for "money had and received" is an ancient common-law remedy with equitable overtones; it is based upon quasi contract or contract implied in law. King County v. Odman, 8 Wn.2d 32, 111 P.2d 228, 133 A.L.R. 1440 (1941). Under such a count the right of recovery arises independently of the express agreement or intent of the parties, where the facts are such that **the holder of another's funds would be "unjustly enriched" if the law did not presume a promise to pay**. [cite omitted] Even though the action is looked upon with favor by the courts and is liberally applied, Cone v. Ariss, 13 Wn.2d 650, 126 P.2d 591 (1942), it does not lie in every instance where one party claims money from another. The doctrine applies only if plaintiff's claim is based upon some recognized equitable principle such as mistake, coercion, duress, fraud, illegality of contract, impossibility of performance or **failure to perform a fiduciary duty**.

Id. (emphasis added). The above language is reflected in Plaintiff's Amended Complaint, which alleges "Defendants would be unjustly enriched if the law did not presume a promise to pay" the allegedly misappropriated funds. (Amended Complaint ¶ 33.) Since Plaintiff's unjust enrichment claim has no basis as a matter of law, its "money had and received" claim fails for the same reasons and must be dismissed.

**G.     The Fifth Cause of Action for Accounting Should Be Dismissed Because the Underlying Causes of Action Are Invalid**

Plaintiff's fifth cause of action is a demand for an accounting. The right to an accounting is derivative – it is a remedy, not an independent cause of action, and depends on the validity of a plaintiff's underlying claims. Glaspey v. Prelusky, 36 Wn.2d 592, 596 (Wash. 1950) ("the demand for an accounting constituted an election of remedies"); *see also* Saletic v. Stamnes, 51 Wn.2d 696, 698 (Wash. 1958) (accounting is an "equitable remedy"). In this case, as indicated above, none of Plaintiff's underlying claims are valid. Thus, Plaintiff is not entitled to an accounting.

**H.     The Sixth Cause of Action for Declaratory Judgment Should Be Dismissed Because No Controversy Exists Requiring a Judicial Determination**

Plaintiff's sixth cause of action is for declaratory judgment, which is available under the following circumstances:

> In a case of actual controversy within its jurisdiction... [exceptions omitted]... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
[C08-0125 RSM] - 11

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

28 U.S.C. § 2201(a).

In this case, the alleged controversy relates to Plaintiff's rights to the $1.4 million in disbursed settlement funds. However, the Amended Complaint indicates Plaintiff has no rights in those funds. Plaintiff claims "[t]he reserve funds were the property of the EPV Entities" (Id. ¶ 12). The Amended Complaint does not allege any basis for Plaintiff – as opposed to the EPV Entities – to claim any rights to the $1.4 million in funds released by the FTC. Accordingly, there is no controversy requiring a judicial determination, and this cause of action must be dismissed.

## I. The Seventh Cause of Action for Injunctive Relief Should Be Dismissed Because Plaintiff Cannot Allege Irreparable Harm and Money Damages Would Provide Adequate Compensation

Plaintiff's seventh cause of action is for injunctive relief. According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief, and in particular:

> (1) that it has suffered an irreparable injury;
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
> (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1839 (2006). An examination of the Amended Complaint indicates Plaintiff cannot satisfy the eBay test, and this cause of action must be dismissed.

Assuming *arguendo* that Plaintiff's allegations are correct, which they are not, they were allegedly deprived of funds in 2000. Now, nearly eight years later, they claim "irreparable harm" will allegedly result from the return of funds to Defendants. (Amended Complaint ¶ 41.) Plaintiff's claim is absurd. Money damages are a perfectly adequate means of compensating Plaintiff, in the event this Court determines any remedy is necessary (which it is not). Consequently, no irreparable harm will result from the release of funds, and injunctive relief is unwarranted and inappropriate. "Injunctions are

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6) [C08-0125 RSM] - 12

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

generally not permissible unless a legal damages remedy would be insufficient." Marceau v. Blackfeet Hous. Auth., 455 F.3d 974, 985 (9th Cir. 2006); *See also* Bowen v. Massachusetts, 487 U.S. 879, 918-919 (1988) ("Almost invariably, [] suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for "money damages," [] since they seek no more than compensation for loss resulting from the defendant's breach of legal duty."); Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 333 (1999) (holding that district courts lack authority to issue injunctive relief preventing parties "from disposing of their assets pending adjudication of [a plaintiff's] contract claim for money damages").

Plaintiff has not demonstrated, nor can it demonstrate, the absence of a complete and adequate remedy at law. The factors in eBay, supra, weigh strongly in Defendants' favor no matter how this Court interprets the allegations in the Amended Complaint. Consequently, this Court should dismiss Plaintiff's claim for injunctive relief.

### IV.  CONCLUSION

The seven causes of action discussed above each fail to state a claim upon which relief may be granted. Further, the statutes of limitations, as well as lack of standing, preclude Plaintiff as a matter of law from raising any of its claims. All of its claims relate to funds allegedly misappropriated eight years ago, and the Amended Complaint alleges those funds belong to parties other than Plaintiff. Therefore, Defendants respectfully request this Court dismiss Plaintiff's First through Seventh Causes of Action with prejudice.

//
//
//
//
//
//

DEFS.' AM. MOT. TO DISMISS PLS.' CLAIMS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
[C08-0125 RSM] - 13

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1     DATED this 12th day of June, 2008.

                             **NEWMAN & NEWMAN,**
                             **ATTORNEYS AT LAW, LLP**

By:   /s/ Derek Linke
       Derek A. Newman, WSBA No. 26967
       John D. Du Wors, WSBA No. 33987
       Derek Linke, WSBA No. 38314

505 Fifth Avenue, Suite 610
Seattle, Washington 98104
(206) 274-2800 phone
(206) 274-2801 fax

Attorneys for Defendants
Ian Eisenberg and
Olympic Telecommunications, Inc.